UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MIRIAM H. SAJECKI,

                              Plaintiff,

-against-

ADVANCE PUBLICATIONS, INC. d/b/a
THE STATEN ISLAND ADVANCE,
STATEN ISLAND MEDIA GROUP LLC,
STATEN ISLAND LIVE LLC,
SAMUEL I. NEWHOUSE, III, individually,
MICHAEL A. NEWHOUSE, individually,
STEVEN O. NEWHOUSE, individually,
DONALD NEWHOUSE, individually, and
DAN RYAN, individually,

                              Defendants.

-------------------------------------------------------------X

Civ. No. 1:17-cv-2987

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Miriam H. Sajecki, (hereinafter referred to as "Plaintiff" and/or "SAJECKI"),

through her attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant

ADVANCE PUBLICATIONS, INC. d/b/a THE STATEN ISLAND ADVANCE, Defendant

STATEN ISLAND MEDIA GROUP LLC, Defendant STATEN ISLAND LIVE LLC, Defendant

SAMUEL I. NEWHOUSE, III (hereinafter referred to as "S. NEWHOUSE III"), MICHAEL A.

NEWHOUSE (hereinafter referred to as "M. NEWHOUSE"), Defendant STEVEN O.

NEWHOUSE (hereinafter referred to as "S. NEWHOUSE"), Defendant DONALD NEWHOUSE

(hereinafter referred to as "D. NEWHOUSE"), Defendant DAN RYAN (hereinafter referred to as

"RYAN"), (hereinafter collectively referred to as "Defendants"), upon information and belief, as

follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978) and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), Americans with Disabilities Action of 1990 ("ADA"), New York City Human Rights Law ("NYCHRL") §§8-107 et. seq., and New York State Human Rights Law Executive Law §296, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of disability and age discrimination, together with hostile work environment, retaliation and unlawful termination by Defendants.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this action involves a Federal Question under Title VII, ADA, and the ADEA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. The Court also has supplemental jurisdiction over the State and City causes of action asserted herein.

4. On or about August 24, 2016, Plaintiff submitted a Complaint with the New York State Division of Human Rights.  A copy of Plaintiff's Complaint was forwarded to the Equal Employment Opportunity Commission for dual filing purposes on or about October 5, 2016.

5. Plaintiff received a Right to Sue Letter from the Equal Employment Opportunity

2

Commission dated February 16, 2017.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred within the Eastern District of New York.

## PARTIES

8. Plaintiff Miriam H. Sajecki is a female over forty years old who is a resident of Richmond County, New York.

9. At all times material, ADVANCE PUBLICATIONS, INC. d/b/a THE STATEN ISLAND ADVANCE is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, STATEN ISLAND MEDIA GROUP LLC is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

11. At all times material, STATEN ISLAND LIVE LLC is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

12. At all times material, Plaintiff was employed by ADVANCE PUBLICATIONS, INC., STATEN ISLAND MEDIA GROUP LLC, and STATEN ISLAND LIVE LLC (hereinafter collectively referred to as "ADVANCE").

13. At all times material, S. NEWHOUSE III was and is the Chief Executive Officer of ADVANCE and had supervisory authority over Plaintiff with regard to her employment.

14. At all times material, M. NEWHOUSE was and is the Chief Executive Officer of

3

ADVANCE and had supervisory authority over Plaintiff with regard to her employment.

15. At all times material, S. NEWHOUSE was and is the Chief Executive Officer of ADVANCE and had supervisory authority over Plaintiff with regard to her employment.

16. At all times material, RYAN was and is an Outside Sales Manager for ADVANCE and had supervisory authority over Plaintiff with regard to her employment.

17. At all times material, D. NEWHOUSE was and is the President for ADVANCE and had supervisory authority over Plaintiff with regard to her employment.

## STATEMENT OF FACTS

18. In December 2013, Plaintiff was first diagnosed with B-cell low grade and aggressive Non-Hodgkin's stage 4 lymphoma.

19. In January 2014, Plaintiff underwent six chemotherapy sessions to treat her cancer.  By May, 99% of the cancer was gone and Plaintiff went into remission.

20. Plaintiff's history of cancer and/or record of impairment qualifies as a disability in accordance with the ADA.

21. ADVANCE is a communications company providing advertising and marketing solutions.

22. ADVANCE provides daily news and local information to Staten Island residents, in print and online.

23. ADVANCE's sales department divided the surrounding area into eight geographic territories (Markets 1-8).  The Account Executive position at ADVANCE has revenue targets that they are expected to achieve each month.  The components of an Account Executive's revenue targets are based on a total sales goal which encompasses both digital and print advertisement revenue.

24. Around March 2015, Plaintiff had a well-paying job for a company where she was among

4

the top in sales and on a national level, a top producer and consistently won numerous awards.

25. Around March 2015, Margie Barclay, a Sales Director for ADVANCE, solicited Plaintiff for an Account Executive position in ADVANCE's outside sales department.

26. Defendants offered Plaintiff a compensation package including salary plus commission with a minimum compensation of $75,000.  Commission was earned by achieving a revenue target based on a total sales goal encompassing both digital and print advertisement revenue.

27. Plaintiff accepted Defendants' offer, for the Account Executive position, on the basis that she would receive salary plus the aforementioned commission structure with a minimum compensation of $75,000.

28. Around May 4, 2015, Plaintiff began working for Defendants in ADVANCE's Staten Island office located at 950 West Fingerboard Road, Staten Island, New York 10305.

29. Plaintiff's primary duties generally consisted of maintaining and growing existing retail accounts and securing new retail accounts within Market 1.  She also developed campaign strategies for print advertising, digital marketing, mobile and social media.

30. Around August 2015, Plaintiff was diagnosed with recurrent cancer – a qualifying disability under the ADA

31. Around the time of her diagnosis, Market 1's total sales revenue was exceptionally high.

32. Around September 2015, Defendants assured Plaintiff that her job was secure at ADVANCE.

33. In order to not lose time from work, at first, Plaintiff scheduled her chemotherapy sessions on the weekends.   However, around November 2015, Plaintiff entered Memorial Sloan

Kettering Cancer Center for twenty-one (21) days of treatment, followed by one hundred (100) days of recuperation at home.

34. While Plaintiff was out on medical leave, Market 1's total sales revenue dropped significantly and Defendants made significant changes to its policies, personnel, procedures and products.  Defendants did not record or keep minutes memorializing these changes.

35. In early March 2016, Plaintiff returned to ADVANCE from medical leave and reassumed her Account Executive position for Market 1.

36. Due to the aforementioned changes, Plaintiff was forced to learn as she worked with no direction and/or training from Defendants.

37. Defendants retaliated against Plaintiff for taking medical leave for her disability.

38. Around March 2016, Defendants informed Plaintiff that she was to report to RYAN, the Outside Sales Manager for ADVANCE, and her commission structure changed while she was out on medical leave.  Plaintiff's commission structure now included the addition of another sales goal for her revenue target.

39. Defendants discriminated and retaliated against Plaintiff on the basis of her disability.

40. Defendants consistently judged and compared Plaintiff against those employees who had been trained under the new policies from day one.

41. Defendants discriminated against Plaintiff on the basis of disability. Specifically, Defendants retaliated against Plaintiff by consistently and overtly expressing frustration towards Plaintiff and subjecting Plaintiff to a hostile work environment.

42. In addition to retaliating against Plaintiff for taking medical leave by subjecting her to a hostile work environment, Defendant also discriminated Plaintiff on the basis of her age.

6

43. Around June 2016, RYAN compared Plaintiff to his father.  RYAN would consistently say "that's what you older folks do" when Plaintiff sent RYAN a text followed up with an email saying she texted him.

44. Upon information and belief, RYAN was thirty-six years old (36) and RYAN's father was at or about same age as Plaintiff.

45. RYAN knew employees under forty (40) years old called the employees over forty (40) year old employees the "geritol group" and did nothing about it.  Geritol is a drug commonly linked to negative social comparisons stereotyping senior citizens.

46. Further evidencing Defendants' discriminatory animus towards Plaintiff due to her age and disability and in retaliation to Plaintiff taking medical leave for her disability, RYAN gave employees younger than Plaintiff available accounts and told Plaintiff that she could not acquire those accounts.

47. Around June 2016, RYAN reprimanded Plaintiff for the one time she arrived five (5) minutes late to work.  However, numerous employees under forty (40) years old were not disciplined for frequently coming in late.

48. Similarly, it was common practice for ADVANCE employees to not follow office procedures such as entering information in the Salesforce software program.  However, RYAN singled out Plaintiff and reprimanded her for not following office procedures.

49. Around June 2016, Plaintiff was informed that RYAN was "creating a file against" her in retaliation to Plaintiff taking medical leave and discriminating her on the basis of her age and disability.

50. Around July 2016, Plaintiff complained to Defendants regarding the ongoing discrimination.

7

51. Plaintiff stated that she felt she was being discriminated against on the basis of her age and disability.

52. Defendants took no action to remedy Plaintiff's complaints.

53. On or around August 11, 2016, less than three weeks after Plaintiff's complaints, Defendants terminated Plaintiff.

54. However, Defendants' reasons for terminating Plaintiff were merely pretextual, as Defendants' provided Plaintiff with inconsistent reasons for her termination.  These inconsistencies allow for a discriminatory and retaliatory motive.

55. Defendants retaliated against Plaintiff for her complaints of disparate treatment on the basis of her age and disability.

56. At the time Defendants unlawfully terminated Plaintiff, Plaintiff was sixty (60) years old.

57. At the time Defendants unlawfully terminated Plaintiff, Plaintiff's base salary was approximately seventy-five thousand dollars ($75,000).

58. As a result of Defendants' actions, Plaintiff was extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

59. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

60. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

61. As Defendants' conduct has been malicious, willful, and outrageous, conducted with full

knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

62. The above are some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff on an ongoing continuous basis.

63. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION**
**UNDER TITLE VII**
**(AGAINST DEFENDANTS ADVANCE)**

92. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

93. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions,or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

94. The exact number of employees at ADVANCE is unknown, but upon information and belief, there are well more than the statutory minimum.

95. ADVANCE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her age.

96. ADVANCE violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER TITLE VII**

**(AGAINST DEFENDANTS ADVANCE)**

97. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

98. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

99. The exact number of employees at ADVANCE is unknown, but upon information and belief, there are well more than the statutory minimum.

100. ADVANCE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.,* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

101. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(AGAINST DEFENDANTS ADVANCE)**

102. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

10

103. Plaintiff claims Defendants ADVANCE violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

104. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

105. Defendants ADVANCE violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability.

106. Plaintiff hereby makes a claim against Defendants ADVANCE under all of the applicable paragraphs of the ADA.

107. Defendants ADVANCE violated the above and Plaintiff suffered numerous damages as a result.

<u>**AS A FOURTH CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**NEW YORK STATE LAW**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

108. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

109. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such

11

individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

110. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her age and disability.

111. At all times material and as evidenced herein, ADVANCE was Plaintiff's employer.

112. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

113. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

114. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

115. New York State Executive Law § 296 (7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

116. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of her employment because of her opposition to the unlawful employment practices of Defendants.

117. At all times material and as evidenced herein, ADVANCE was Plaintiff's employer.

118. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**

**FOR AIDING AND ABETTING UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

119.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if set forth more fully herein.

120.   New York State Executive Law §296(6) further provides that "It shall be an unlawful

discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing

of any of the acts forbidden under this article, or to attempt to do so."

121.   Defendants engaged in an unlawful discriminatory practice prohibited by New York State

Executive Law §296(6), by aiding, abetting, compelling and/or coercing the discriminatory

behavior as stated herein.

122.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
(AGAINST DEFENDANTS ADVANCE)**

123.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

124.   The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (a) provides in

pertinent part that:

"It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise
discriminate against any individual with respect to his compensation, terms,
conditions, or privileges of employment, because of such individual's age;…"

125.   The exact number of employees at ADVANCE is unknown, but upon information and

belief, there are well more than the statutory minimum.

126.    Defendants engaged in unlawful discriminatory practices prohibited by 29. U.S.C. 623 *et seq.*, by discriminating against the Plaintiff on the basis of her age.

127.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**
**(AGAINST DEFENDANTS ADVANCE)**

128.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

129.    The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that:

"It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

130.    The exact number of employees at ADVANCE is unknown, but upon information and belief, there are well more than the statutory minimum.

131.    Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by 29. U.S.C. 623 *et seq.*, by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

132.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A NINETH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

133.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

134.   The Administrative Code of City of NY § 8-107 [1] provides that: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

135.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's age and disability.

136.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

137.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

138.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

139.    The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter. The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

140.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

141.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

142.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

16

this Complaint as if set forth more fully herein.

143. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

144. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

145. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

146. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

147. The New York City Administrative Code Title 8, § 8-107(19), entitled Interference with Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

148. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

149. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

17

this Complaint as if set forth more fully herein.

150.   The New York City Administrative Code Title 8, § 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

151.   Defendants ADVANCE are liable for the discriminatory conduct of RYAN.

152.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, the ADEA, ADA, and the New York State and City Laws Against Discrimination and Retaliation, and that Defendants discriminated against Plaintiff on the basis of her age and disability, together with retaliation and wrongful termination;

18

B.  Awarding damages to the Plaintiff, retroactive to her date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff her reinstatement to her position;

D.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

E.  Awarding Plaintiff punitive damages against all Defendants, jointly and severally;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.


Dated: May 17, 2017
New York, New York


DEREK SMITH LAW GROUP, PLLC
 *Attorneys for Plaintiff*

 By:   */s/ Zachary Holzberg*
     Zachary Holzberg, Esq.
     Melissa Mendoza, Esq.
     30 Broad Street, 35th Floor
     New York, New York 10004
      (212) 587-0760

## CERTIFICATE OF SERVICE

I, Melissa Mendoza, hereby certify that on May 17, 2017, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, which will send notification of such public filing to all counsel registered to receive such notice.

    */s/ Melissa Mendoza*
MELISSA MENDOZA